# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 4, 2007

132528

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

RONALD CLARENCE BABCOCK,
          Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 132528
COA: 261162
Tuscola CC: 03-008846-FH

On order of the Court, the application for leave to appeal the September 26, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., concurs and states as follows:

I concur in the denial of defendant's application for leave to appeal. Although the trial court committed error under the Confrontation Clause by admitting the deposition testimony of the police officer who was merely out of town on her honeymoon, any error was harmless, in my judgment, because a rational jury would have convicted defendant beyond a reasonable doubt on the basis of the remaining evidence.

Defendant was charged and convicted of being a felon in possession of a firearm. Defendant alleges that his rights under the Confrontation Clause were violated when the trial court permitted excerpts from an absent police officer's deposition testimony to be read to the jury. "Harmless error analysis applies to claims concerning Confrontation Clause errors . . . ." *People v Shepherd*, 472 Mich 343, 348 (2005). "A constitutional error is harmless if '[it is] clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" *People v Mass*, 464 Mich 615, 640 n 29 (2001), quoting *Neder v United States*, 527 US 1, 18 (1999). The harmless error analysis in this case thus rests on whether a "rational jury" would have convicted defendant "beyond a reasonable doubt" on the basis of untainted evidence.

In the instant case, the disputed issue concerned whether defendant possessed the firearm. Besides the police officer, two other witnesses testified that defendant possessed the firearm: Shawn Lester, defendant's ex-girlfriend, and Cindy Pero, the sister of one of defendant's friends. Lester testified that defendant selected a firearm at Wal-Mart and gave her money to purchase it. Lester bought the firearm and ammunition, and brought it home with her. Defendant took the firearm and showed Lester how to load it. Lester further testified that defendant removed the firearm from her home the next day.

Lester's testimony was corroborated by Pero. Pero testified that defendant brought the firearm to her home and told Pero that he intended to shoot skeet with her brother. Pero's testimony was corroborated in turn by Stella Sherman, who testified that Lester brought the firearm from Pero's home to Sherman's, thereby supporting Pero's testimony that the firearm had been at her home.

The trial court then read the police officer's deposition into evidence. The police officer stated that defendant admitted that he possessed the firearm. On cross-examination, the police officer acknowledged that she did not actually see defendant possess the firearm.

Thus, two witnesses besides the police officer testified that defendant possessed the firearm. Although the ex-girlfriend may have had some motivation to falsely accuse defendant based on the termination of their relationship, her testimony was corroborated by the testimony of Pero, which was further supported by Sherman. Moreover, Pero did not have a similar motivation to falsely accuse defendant. Under these facts, the deposition testimony of the police officer that defendant possessed the firearm was merely cumulative. Even without the admission of the police officer's deposition testimony, a "rational jury" would have found that defendant possessed the firearm "beyond a reasonable doubt." Consequently, any Confrontation Clause error was harmless. For this reason, I concur in the denial of leave to appeal.

KELLY, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 4, 2007

Corbin R. Davis

Clerk

p0501